IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEO PHARMA A/S, LEO LABORATORIES LIMITED, and LEO PHARMA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 16-333 (SLR) |
| ACTAVIS LABORATORIES UT, INC. and ACTAVIS, INC., | ) ) ) | |
| Defendants. | ) ) | |
| LEO PHARMA A/S, LEO LABORATORIES LIMITED, and LEO PHARMA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 16-430 (SLR) |
| PERRIGO UK FINCO LIMITED PARTNERSHIP and PERRIGO COMPANY, | ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties, through their respective attorneys, hereby stipulate and agree that discovery in the above-entitled consolidated action (the "Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of a party or a nonparty that constitute or contain trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). Accordingly, good cause exists for the entry of this Stipulated Protective Order ("Order") pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in the Action.

The parties therefore stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Order shall govern the handling of documents, things and information in the Action.

1.      This Order applies to any document, or portion thereof, any type of information, including electronically stored information and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure that, in the good-faith opinion of the party providing such material (the "Producing Party"), contains any trade secret or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information of the Producing Party, or a nonparty if such documents and information are within the possession, custody or control of the Producing Party.  The party receiving such information is herein referred to as the "Receiving Party."  This Order describes the information protected under its terms and the use and disclosure of such protected information.

2.      "Confidential Information" includes, without limitation, any documents and things relating to (i) the names, or other information tending to reveal the identities, of a party's suppliers, present or prospective customers, or distributors or the personal information of a party's employees; (ii) information relating to pending patent applications; (iii) commercial information, including, without limitation, strategic plans, marketing and financial information concerning a party's current products, processes and/or business relationships or potential future products, processes and/or business relationships; (iv) information constituting product specifications, formulations, and/or regarding the manufacture of the party's products; (v) technical notebooks and technical reports of a party, including product and manufacturing specifications, schematic diagrams, technical reference manuals, operations manuals, or other similar information; (vi) confidential marketing plans, market research and business strategy, including research regarding competitors; (vii) information the Producing Party believes is a proprietary trade secret; (viii) personal information and/or identities of physicians and patients;

(ix) all information relating to a party's research and development efforts; (x) all New Drug Applications, Abbreviated New Drug Applications, or Drug Master Files; and (xi) physical samples of any products described in a New Drug Application (except for samples of publically available drug products such as Picato) or Abbreviated New Drug Application.   All such designated material, all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "Confidential Information."

   3.  Confidential Information, and any material containing such information, may be made available to, and inspected by, only the following qualified persons:

     a)  Outside counsel of record of the Receiving Party and their partners, associates, paralegals, secretaries and employees; as well as outside copying, graphic, or design services; computer services; and court reporters, videographers, translators and others performing services in conjunction with this Action and whose responsibilities in connection with this Action require access to such Confidential Information.

     b)  Independent experts or consultants and their staff retained to assist the Receiving Party in the conduct of this Action who have been approved by the Producing Party according to the procedures in this Paragraph.   As a condition precedent to the disclosure of Confidential Information to any such independent person, the expert or consultant must: acknowledge receipt and understanding of this Order; agree to be bound thereby; agree to use the Confidential Information solely for this litigation and not to disclose any Confidential Information to any other person or entity in violation of this Order; never to use any Confidential Information, directly or indirectly, in competition with an adversary Producing Party, nor to allow any other person to do so; and execute a declaration acknowledging the foregoing, in the form annexed hereto.

     Counsel who retained the expert or consultant shall forward a copy of the executed declaration to counsel for the Producing Party at least five (5) business days prior to the proposed

disclosure of Confidential Information to such expert or consultant along with: (a) a copy of that expert's or consultant's current resume or curriculum vitae containing a description of the expert's or consultant's past and present professional activities, including a list of publications; and (b) a list of the cases which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at deposition or trial, during the preceding four (4) years.

If the Producing Party objects in writing to the proposed disclosure within five (5) business days after receipt of the declaration, resume or curriculum vitae, and list of cases, the disclosure may not be made until that objection is resolved or the expert or consultant is deemed approved as set forth below.  The objection shall state with specificity the reasons why such expert or consultant should not receive the Confidential Information.  If the parties are unable to resolve the objection, the Producing Party shall raise the objection with the Court within five (5) business days of making the objection.  The burden shall be on the Producing party to show the Court why the disclosure should not be made.

If counsel for the Producing Party fails to object to such disclosure or fails to raise the objection with the Court, within the prescribed periods, the expert or consultant proposed shall be deemed approved, but that shall not preclude the Producing Party from later objecting to continued access by that expert or consultant where facts suggesting a basis for objection are subsequently learned by the Producing Party or its counsel.

a)      The Court and personnel employed by the Court.

b)      Witnesses or deponents who (1) are indicated on the face of the document or thing containing Confidential Information as an author or recipient of the document or thing; (2)  who have been identified, through discovery (including document production, written discovery, or deposition testimony) or some other basis for providing a reasonable belief, as having authored or received the document or thing, or similar or related documents or things

from the same general time period, even if the individual is not identified as an actual author or recipient on the face of the document or thing at issue; or (3) who are (i) current employees of the Producing Party or who are (ii) former employees of the Producing Party who were employees of the Producing Party or its predecessor in interest, as of the date of the document or thing.  For clarity, Plaintiffs LEO Pharma A/S, LEO Laboratories Limited, LEO Pharma, Inc., and any predecessors-in-interest (e.g., any Peplin-related entities) collectively shall be considered to be a Producing Party and will be referred to herein as Plaintiffs; Defendant Actavis Laboratories UT, Inc. shall be considered to be a Producing Party and will be referred to herein as a "Defense Group"; and Defendants Perrigo UK Finco Limited Partnership and Perrigo Company shall collectively be considered to be a Producing Party and will be referred to herein as a "Defense Group."

   c)  Any person to the extent required by the Court.

   d)  Plaintiffs and each Defense Group may designate up to two (2) in-house personnel, provided that the designated personnel are not directly responsible for competitive decision-making.  "Competitive decision-making," as used herein, does not include (a) legal decision-making or advising responsibilities relating to products containing ingenol mebutate, including, for example, negotiating or executing agreements to settle litigation including responsibilities related to any financial terms of such agreements, advising about product launch dates or other product plans, or (b) interfacing with, for the purposes of carrying out responsibilities as an attorney, individuals responsible for competitive business decisions concerning products containing ingenol mebutate.  Each person designated as an in-house personnel under this Paragraph must: acknowledge receipt and understanding of this Order; agree to be bound thereby; agree to use the Confidential Information solely for this litigation and execute a declaration acknowledging the foregoing, in the form annexed hereto.  Outside counsel shall forward a copy of the executed declaration (along with the title, business address, job

description, and bar membership status of the person, if applicable) to counsel for the Producing Party at least five (5) business days prior to the disclosure of Confidential Information to such person(s).  As of the date of this Order, the designated in-house counsel are:

- For LEO:  Leila Nielsen; James S. Robertson

- For Actavis UT/Teva:  Joseph Crystal

- For Perrigo: Amethyst Smith; Andrew Solomon

Plaintiffs and each Defense Group shall each have the right to add new persons or substitute new persons for in-house personnel designated under this paragraph to receive Confidential Information, provided that: (i) at any time no more than two designated people for each side shall have access to Confidential Information pursuant to this Stipulated Protective Order; and (ii) such new persons acknowledge receipt and understanding of this Stipulated Protective Order; agree to be bound thereby; meet all requirements set forth in this Paragraph; and execute a declaration acknowledging the foregoing, in the form annexed hereto, a copy of which will be forwarded to opposing counsel (along with the title, business address, job description, and bar membership status of the person, if applicable), at least five (5) business days prior to the disclosure of Confidential Information to such persons.

If a party objects in writing to a proposed designated in-house personnel within five (5) business days after receipt of the notice of it, the disclosure may not be made until the objection is resolved or the in-house personnel is deemed approved as set forth below.  The objection shall state with specificity the reasons why such in-house personnel should not receive the Confidential Information.  If the parties are unable to resolve the objection, the Producing party shall raise the objection with the Court within five (5) business days of making the objection.  Although the burden shall be on the Producing party to show the Court why the proposed in-house personnel does not satisfy the requirements of this Paragraph and why the disclosure should not be allowed, the proposing party has the burden of providing sufficient

information on all topics described in this Paragraph for the Court to reasonably make that determination.

If counsel for the Producing party fails to object to such disclosure or fails to raise the objection with the Court, within the prescribed periods, the in-house personnel proposed shall be deemed approved, but that shall not preclude the Producing party from later objecting to continued access by that in-house personnel where facts suggesting a basis for objection are subsequently learned by the Producing party or its counsel.

4.      If a Producing Party reasonably and in good faith believes that production of information to another Party's in-house personnel qualified to review Confidential Information pursuant to Paragraph 3(f) could seriously harm its business, financial, or commercial interests, the Producing Party may designate discrete pages or volumes of such information, on a document-by-document basis, as "Highly Confidential – Outside Counsel's Eyes Only."  This provision does not permit a Producing Party to designate entire categories of materials as "Highly Confidential – Outside Counsel's Eyes Only" without making an individual assessment of sensitivity on a document-by-document basis, nor does it permit the designation as "Highly Confidential – Outside Counsel's Eyes Only" of any of the following materials concerning the subject matter of this litigation: New Drug Application No. 202833, the ANDAs identified in the Complaints in the above-captioned actions, and the Drug Master Files associated with or referenced in those ANDAs.   Information designated as "Highly Confidential – Outside Counsel's Eyes Only" may only be disclosed to qualified persons identified in Paragraphs 3(a)–(e).

5.      Unless otherwise directed by the Court or authorized in writing by the Producing Party, no individual who receives the Confidential Information or Highly Confidential Information of another party shall be involved, formally or informally, in the preparation of any communications with the FDA or any equivalent foreign agency relating to any pharmaceutical

formulations of Ingenol Mebutate, including the preparation or submission of any FDA correspondence (e.g., citizen petitions or FDA-mandated communications)—except where such communications relates solely to obtaining or maintaining approval of the Receiving Party's own NDA or ANDA.  In addition, unless otherwise directed by the Court or authorized in writing by the Producing Party, no individual who receives the Confidential Information or Highly Confidential Information of another party shall be involved, formally or informally, in the prosecution of any patents or patent applications, before the United States Patent & Trademark Office or any foreign patent office, relating to any pharmaceutical formulations containing Ingenol Mebutate, including without limitation, any patents or patent applications claiming priority to the patents asserted in this Action.  For purposes of this Order, "prosecution" means substantive involvement in drafting or amending patent claims, and does not include representing a party before a domestic or foreign patent agency in any reissue, interference, *inter partes* review, post-grant review, or reexamination proceeding, except to the extent that activity relates to amending claims or drafting new claims.  These FDA and prosecution bars shall begin on the date that an individual first receives access to the Confidential or Highly Confidential Information of another party, and will end one (1) year after the final termination of this Action, including any appeals thereof.

6.    In the event that any party copies or translates any Confidential Information, that party agrees to clearly designate all such copies and translations with the appropriate confidentiality legend, in the manner described in Paragraph 8.

7.    In the event that a party believes it necessary to disclose any Confidential Information to any person not qualified to receive it under this Order, outside counsel shall notify outside counsel for the Producing Party in writing identifying (a) the specific information, documents, and/or testimony proposed to be disclosed; (b) the person(s) to whom such disclosure is proposed to be made; and (c) a short summary explaining the need to disclose the Confidential

Information to the identified person(s).  If an agreement cannot be reached within ten (10) business days, the party desiring to disclose Confidential Information may make an appropriate application to the Court and shall bear the burden of showing that the proposed disclosure is necessary.  In the event that the Court grants the application, such person may have access to the Confidential Information only after first signing a declaration in the form attached hereto, a copy of which shall be forwarded to counsel for the Producing Party, or under such other conditions as to which the parties agree or the Court may order.

8.    Confidential Information should be clearly designated before the material is disclosed or produced as follows:

a)    With respect to documents or copies provided by the Producing Party, by marking each page with the legend, "CONFIDENTIAL," or a suitably equivalent designation; or in the event a party designates documents under Paragraph 4, by marking each page with the legend "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

b)    In lieu of marking the original of a document which contains Confidential Information prior to any inspection, counsel for the Producing Party may orally designate documents being produced for inspection as containing Confidential Information, thereby making them subject to this Order.  Copies of such documents thereafter provided shall be marked with an appropriate legend by the Producing Party at the time copies are provided to the requesting party.  By producing documents for inspection in lieu of providing copies, a party does not waive in whole or in part any confidentiality or any right to withhold production of any privileged or work product document (or portion thereof) inadvertently produced for inspection.

c)    Testimony or information disclosed at a deposition may be designated by the Producing Party as Confidential Information by indicating on the record at the deposition the testimony or information that contains Confidential Information that is to be made subject to the provisions of this Order.  Alternatively, the Producing Party may designate testimony or

information disclosed at a deposition as Confidential Information by notifying all parties, in writing, within thirty (30) days of receipt of the transcript of the deposition, of the information that is to be designated Confidential Information.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. If no designation is made at the time of a deposition, that deposition shall be treated as Confidential for ten (10) days after receipt of the transcript, unless otherwise designated by the above notice.  Failure to designate testimony as Confidential Information either at a deposition or within thirty (30) days after receipt of the deposition transcript shall not be deemed a waiver of the right to so designate such testimony, but any such designation after the thirty (30) day period shall be governed by Paragraph 17 below.

        d)      In the case of responses to interrogatories, other discovery requests or responses, and other pleadings, information contained therein may be designated as Confidential Information by prominently marking such paper "CONFIDENTIAL," or a suitable equivalent designation; or in the event a party designates documents under Paragraph 4, by marking the document with the legend "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

        e)      Tangible objects may be designated as Confidential Information by affixing to the object or its container a label or tag indicating its confidentiality.

        9.      Documents and information submitted to the Court during a hearing or as part of a filing by the parties shall be governed by the terms of this Order including as described herein and in Paragraph 10.  If a party deems it necessary to submit such information to the Court, the party shall file or designate the Confidential Information under seal in accordance with D. Del. L.R. 5.1.3, and nothing in this Order shall preclude the Producing Party from requesting that the Court seal that party's Confidential Information.  The sealing of the information shall remain in effect until further order of the Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that the same is brought promptly to the Court's attention.

10.     Nothing in this Order shall prevent a party from using any document, material or other information that is designated as Confidential Information under this Order at a hearing, trial or other court proceeding in this Action, provided such use is otherwise consistent with the terms of this Protective Order, including Paragraph 4, and such document, material or other information shall not lose its confidential status through such use.  The parties shall take all steps permitted by the Court and reasonably required to protect the confidentiality of such designated information during such use.

A witness at a deposition or trial may be shown any document that contains or reveals Confidential Information provided the witness is an authorized recipient under paragraph 3 above, or the Producing Party consents to such disclosure.

11.     Any Confidential Information obtained from a Producing Party pursuant to discovery in this Action may be used and disclosed solely for purposes of this Action and under the terms of this Order.  No party or person shall make any other use of any such Confidential Information including but not limited to use for commercial or competitive purposes or use in any other legal proceeding or administrative action, except as permitted by order of the Court or otherwise agreed upon by the parties.

12.     Nothing herein shall be construed as (1) preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party or any person to whom the party discloses the information in accordance with this Order, or (2) preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the Producing Party.  Should a dispute arise as to any specific information

or materials, the burden shall be on the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

13.    Confidential Information will be presumed to be confidential or a trade secret and entitled to corresponding protection under applicable law.  However, nothing herein shall be construed as an agreement or admission: (1) that any information, document, or thing designated as Confidential Information is in fact confidential or a trade secret; or (2) with respect to the competency, admissibility, relevance, materiality, privilege, or immunity of any such information, document or thing.

14.    Nothing herein is intended to, or should be construed to, preclude a party from disclosing or using in any manner or for any purpose, any information or documents from that party's own files which it has designated as Confidential Information.

15.    This Order shall not restrict any attorney who is a qualified recipient from rendering advice to a party-client with respect to this Action, and in the course thereof, relying upon such attorney's examination of Confidential Information; provided, however, that in rendering such advice and otherwise communicating with such client, the attorney shall not disclose any Confidential Information to a person or party where such disclosure would not otherwise be permitted under the terms of this Order, including but not limited to the restrictions in Paragraph 4.

16.    A party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party disagrees at any point in these proceedings with the designation made by the Producing Party, the parties shall make a good faith effort to resolve the dispute on an informal basis.  If the dispute cannot be resolved, the

Producing party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that the designation was appropriate.

17.     The inadvertent or unintentional failure by a Producing Party to designate specific documents or things as containing Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or things.  Upon notice to the Receiving Party of the failure to designate, the Receiving Party shall treat the document or thing as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," as indicated in the notice.  Within five (5) business days of the notice of such failure to designate, the Producing Party shall provide properly designated documents or information.  Upon receipt of such notice and properly designated documents or information, if applicable, the Receiving Party shall return or destroy the improperly designated documents or information, and confirm such return or destruction in writing to the Producing Party, substitute the properly designated documents or information for those previously received, and treat the documents or information as Confidential, according to the Producing Party's designation.

a)     In the event of any accidental or inadvertent disclosure of Confidential Information, counsel for the party responsible for the disclosure shall: (1) use objectively reasonable efforts to obtain the prompt return of any such Confidential Information from the unauthorized recipient(s); (2) immediately inform the unauthorized recipient(s) of the provisions of this Order; (3) immediately notify opposing counsel of all of the pertinent facts, including the identity of the recipient(s); and (4) exercise commercially reasonable efforts to secure the agreement of the unauthorized recipient(s) not to further disseminate the Confidential Information in any form.  Compliance with the foregoing shall not prevent either party from seeking additional relief from the Court.

18.     The recipient of any Confidential Information shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the

Confidential Information as is exercised by the recipient with respect to its own Confidential Information of a similar nature, but in no event less than due care.  Each recipient of any Confidential Information produced in this Action hereby agrees to be subject to the jurisdiction of this Court for the purposes of the implementation and enforcement of this Order.

19.     Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure, or if the Court orders such disclosure.

20.     Within sixty (60) calendar days of receipt of written notice of the final disposition of this Action, whether by judgment and exhaustion of all appeals, by voluntary dismissal, or by settlement, all documents and things produced and/or designated as Confidential Information, including extracts and summaries thereof, and all reproductions thereof, shall be destroyed and within fourteen (14) calendar days of such destruction certify to counsel for the Producing Party that destruction has taken place. Notwithstanding the above, one archival copy of pleadings, discovery responses, correspondence, deposition transcripts, deposition exhibits, Court exhibits, documents (included in submissions to the Court), and work product that contains or reflects Confidential Information may be retained only by each outside counsel for the Receiving Party. Insofar as the provisions of this and any other protective order entered in this Action restrict the communication and use of information produced thereunder, such order shall be binding after the conclusion of this litigation except that (1) there shall be no restriction on documents that are used as exhibits in Court for which the Court found that they should not remain protected; and (2) a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such protective order.

21.     Nothing in this Order constitutes a waiver by the parties of any objections to disclosure and/or production of any documents or information pursuant to Fed. R. Civ. P. 26(c).

22.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this Action.  Neither the agreement of the parties, nor the

designation of any information, document, or the like as Confidential Information, nor the failure to make such designation shall constitute evidence with respect to any issue in this Action.

23.     The terms of this Order shall be applicable to any nonparty who produces information in connection with this Action which is designated by such nonparty or a party hereto as Confidential Information.  Any party seeking discovery of a nonparty shall provide to the nonparty with its discovery request(s) a copy of this Order.  Any such nonparty who produces information designated as Confidential Information pursuant to this paragraph agrees that such information may be disclosed to qualified persons identified in Paragraph 3.

24.     This Order is without prejudice to the right of any party, or any nonparty, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any Confidential Information or material.

25.     If another court or administrative agency issues a subpoena or orders production of any Confidential Information received by a party pursuant to this Order, the Receiving Party shall promptly notify the Producing Party of the pendency of such subpoena or order, and will make reasonable efforts to cooperate with the Producing Party to ensure continued protection of the Confidential Information.  Nothing herein shall preclude timely compliance with a subpoena from a governmental entity or order to produce in connection with the proceeding by a governmental entity or precludes notification of such a subpoena or order unless such disclosure is precluded by law or court order.

26.     This Order shall remain in force and effect until modified, superseded or terminated on the record by written stipulation of the parties or by order of the Court.

27.     This Order shall survive the final conclusion of this Action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this Action, unless this Order is vacated.

28.     Other Proceedings.   By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.   Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

29.     If the discovery process calls for the production of documents or things that a party cannot produce because the disclosure would breach an agreement with or an obligation to a nonparty to maintain such documents or information in confidence, the requested party shall as soon as reasonably practicable after discovery that the disclosure would breach an agreement with or obligation to a nonparty, give written notice to the nonparty that its documents or information are subject to discovery in the Action and provide the nonparty with a copy of this Order.  At the same time such written notice is given to the nonparty, the requested party shall advise the putative Receiving Party of: (1) the fact that such notice has been given; (2) the request for production to which the documents or information are responsive; and (3) the name and address of the nonparty.  The requested document or information shall be produced by a party to the Action if the nonparty so agrees or the requesting party secures a Court order compelling production.  Nothing in this Order, however, shall prejudice the right a party to the Action has to subpoena, serve letters rogatory, or otherwise seek discovery from any nonparty.

We hereby stipulate to the entry of the foregoing Stipulated Protective Order.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs LEO Pharma A/S, LEO Laboratories Limited and LEO Pharma, Inc.*

OF COUNSEL:

George F. Pappas
Jeffrey Lerner
Covington & Burling LLP
One City Center
850 Tenth Street NW
Washington DC 20001-4956
(202) 662-6000

Alexa Hansen
Covington & Burling LLP
1 Front Street, Fl. 35
San Francisco, CA 94111
(415-591-6000)

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

Melanie K. Sharp (#2501)
James L. Higgins (#5021)
Robert M. Vrana (#5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com
jhiggins@ycst.com
rvrana@ycst.com

*Attorneys for Actavis Laboratories UT, Inc.*

OF COUNSEL:

Kyle Musgrove
Scott Cunning
Yongjin Zhu
HAYNES AND BOONE LLP
800 17th Street, Suite 500
Washington, D.C. 20006
(202) 654-4500

Thomas B. King
Martin M. Ellison
HAYNES AND BOONE LLP
600 Anton Blvd., Suite 700
Costa Mesa, CA 92626
(949) 202-3000

Stephanie Sivinski
HAYNES AND BOONE LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
(214) 651-5000

RICHARDS, LAYTON & FINGER, PA

*/s/ Nicole K. Pedi*
_____
Steven J. Fineman  (#4025)
Nicole K. Pedi (#6236)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 658-6541
fineman@rlf.com
pedi@rlf.com

*Attorneys for Perrigo UK FINCO Limited*
*Partnership and Perrigo Co.*

OF COUNSEL:

Gary E. Hood
Mark T. Deming
Khurram Naik
POLSINELLI PC
161 North Clark Street, Suite 4200
Chicago, IL  60601
(312) 819-1900

Jason A. Wietjes
POLSINELLI PC
2950 North Hardwood, Suite 2100
Dallas, TX  75201
(214) 397-0030

Robyn Ast-Gmoser
POLSINELLI PC
100 South Fourth Street, Suite 1000
St. Louis, MO 631 02
(314) 889-8000

November 30, 2016

SO ORDERED this _____ day of _____, 2016.


_____
                                        J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEO PHARMA A/S, LEO LABORATORIES )
LIMITED, and LEO PHARMA, INC., )
                                    )
          Plaintiffs, )
                                    )
       v. )   C.A. No. 16-333 (SLR)
                                    )
ACTAVIS LABORATORIES UT, INC. and )
ACTAVIS, INC., )
                                    )
          Defendants. )

LEO PHARMA A/S, LEO LABORATORIES )
LIMITED, and LEO PHARMA, INC., )
                                    )
          Plaintiffs, )
                                    )
       v. )   C.A. No. 16-430 (SLR)
                                    )
PERRIGO UK FINCO LIMITED )
PARTNERSHIP and PERRIGO COMPANY, )
                                    )
          Defendants. )

I, _____, being duly sworn, state that:

1.     My address is _____.

2.     My present employer is _____ and the address of my present employment is _____

3.     My present occupation or job description is _____

4.     I have carefully read and understood the provisions of the Stipulated Protective Order in this case signed by the Court, and I will comply with all provisions of the Stipulated Protective Order.

5.     I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Confidential material or any words, summaries, abstracts, or indices of Confidential information disclosed to me.

6.      I will limit use of Confidential material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained, or certify that all Confidential materials have been destroyed.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:  _____                    _____