

Steven J. Fineman
302-651-7592
Fineman@rlf.com

July 6, 2018

**VIA CM/ECF & HAND DELIVERY**
The Honorable Sherry R. Fallon
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

REDACTED
PUBLIC VERSION

      Re:  *Leo Pharma A/S et al. v. Perrigo UK Finco et al.,*
           C.A. No. 16-430-JFB-SRF

Dear Magistrate Judge Fallon:

We write on behalf of Perrigo UK FINCO Limited Partnership and Perrigo Company (collectively, "Perrigo") in advance of the July 11, 2018 telephonic hearing and in response to the letter submission ("LEO's Letter") by Plaintiffs LEO Pharma A/S, LEO Laboratories Limited, and LEO Pharma, Inc., (collectively, "LEO"). For the reasons set forth herein, the Court should deny LEO's requests and (1) allow Nicholas P. Godici access to confidential information under the Protective Order; (2) deny LEO's premature request to "preclude[] [Perrigo] from relying on ▇▇▇▇▇▇▇▇▇"; and (3) refrain from entering LEO's proposed schedule for inequitable conduct discovery.

**<u>LEO Improperly Seeks to Use the Protective Order to Bar Perrigo's Use of Mr. Godici</u>**

LEO seeks to use the Protective Order not to protect its information from disclosure but rather as a *Daubert* motion to limit the scope of witness testimony at trial. This is improper.

The Protective Order provides that Confidential Information may be made available to "Independent experts or consultants and their staff retained to assist the Receiving Party in the conduct of this Action." (D.I. 26, Protective Order ¶ 3(b)). Along with his or her agreement to comply with the Protective Order, the person is to provide his or her *curriculum vitae* and *list of cases* in which he or she has offered testimony during the proceeding four years. (*Id.*). The Producing Party may then object to disclosure to that person by stating "with specificity the reasons why such expert or consultant should not receive the Confidential Information." (*Id.*).

Thus the purpose for providing the individual's information (i.e., *cv* and *list of cases*) is to allow the Producing Party to determine if there may be a conflict that would militate against disclosing its proprietary information to him or her, for example, if he or she was a consultant to or former employee of a competitor. The purpose is *not* to preclude a party from engaging an expert or consultant to assist the Receiving Party in the conduct of this action—which is expressly

permitted under the Protective Order. Otherwise the Protective Order would specify that the Receiving Party also disclose the reason why it retained the individual and provide the subject matter of his or her intended involvement in the case. But it does not.[1]

Here, Perrigo disclosed Mr. Godici under paragraph 3(b) of the Protective Order on May 25, 2018. LEO objected on May 31, 2018, not by identifying any potential conflict or any reason why LEO believes access by Mr. Godici risks harmful disclosure of LEO confidential information, but by unilaterally concluding that "there is no need for" Mr. Godici to review LEO confidential information. (Ex. 1, May 31, 2018 A. Hansen Email). LEO stated its belief that Mr. Godici will submit an expert report providing either legal conclusions or opinions on Patent Office procedure. In the meantime, by refusing Mr. Godici access contemplated by the Protective Order, LEO has held hostage Perrigo's ability to support its claims and defenses in this case.

Indeed, neither in its correspondence with Perrigo nor in its letter to the Court has LEO cited any authority justifying the use of a Protective Order as an impromptu *Daubert* motion—even before the submission of a report. Rather, LEO points to the considerations regarding the use of protective orders generally. LEO states that it "may properly limit the distribution of its confidential information to those people who have a legitimate interest in that information," (LEO's Letter at 2), citing *American Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987), and *Syngenta Crop Protection, LLC v. Willowood, LLC*, No. 16-171, 2016 WL 4925099, at *2 (D. Del. Sept. 14, 2016). But those cases are inapposite. In *American Standard*, the court denied a competitor access to confidential proprietary trade secret information. It did not bar the receipt of confidential information by an expert or consultant who agreed to be bound by a protective order. *Am. Std. Inc.*, 828 F.2d at 740-41. Similarly, *Syngenta* involved a motion to compel a non-party to produce certain sales and purchasing documents requested in a subpoena. *Syngenta* did not involve disclosure to an expert or consultant under a protective order. *Syngenta Crop Protection*, 2016 WL 4925099, at *2-4.

LEO's reference to the Court's order regarding Mr. Kunin in LEO's case against Actavis (the "*Actavis*" case) is likewise inapposite. Though LEO refers to the Court's denial of Actavis' request to compel LEO to grant Mr. Kunin access to confidential information, the Court did not provide its reasoning for that conclusion other than by reference to its denial of LEO's motion to strike, and LEO does not explain why it believes the facts in *Actavis* are the same as here. Indeed, they are not. Here, the Court has allowed Perrigo to pursue its inequitable conduct counterclaims,[2] whereas in *Actavis*, Perrigo understands, Actavis' inequitable conduct counterclaims are the subject of a pending motion to dismiss. And, additionally, Mr. Kunin had already submitted an expert report, so it was clear how Actavis intended to use his opinions.

---

[1] The Protective Order does not require the party providing notice to identify, as a condition precedent, the reason for that party's engagement of the person, nor how the party plans on using the person (i.e., as a consultant, expert, or otherwise), nor whether the party may want to have the person testify at trial.

[2] LEO ignores this while claiming that Perrigo's disclosure of Mr. Godici is somehow untimely.

July 6, 2018
Page 3

Thus, following LEO's logic, Perrigo is faced with a Hobson's choice: It can either withdraw Mr. Godici's identification under the Protective Order, or disclose upfront its litigation strategy for engaging and using him.[3]

For these reasons, Perrigo respectfully requests that the Court deny LEO's request and allow Mr. Godici access LEO confidential information under the Protective Order.

**LEO's Request to "Preclude[] [Perrigo] from Relying on ▮▮▮▮▮▮▮▮▮" Is Improper and Premature**

LEO's request to preclude Perrigo from relying on information discovered from ▮▮▮—which was neither the subject of any meet and confer nor part of LEO's request for the July 11 telephone hearing—is LEO's latest attempt to collaterally attack Perrigo's inequitable conduct claims by seeking to curtail Perrigo's ability to rely on discovery the Court has already allowed. Indeed, not only do LEO's arguments rely on a mischaracterization of its discussions with Perrigo and ▮▮▮, they are belied by the discussions among LEO, ▮▮▮, and Perrigo to facilitate the very discovery LEO claims ▮▮▮ and Perrigo are trying to obstruct.



LEO appears to suggest that its opportunity to take ▮▮▮ deposition supersedes any ability by ▮▮▮ to object to the topics of LEO's subpoena. ▮▮▮ previously noted to LEO its objections to the scope of certain topics (LEO's Letter, Ex. 2) and, during a July 3, 2018 meet and confer, LEO asked ▮▮▮ to identify the topics regarding which it still had concerns so LEO could narrow the scope of the topics. Taking LEO's request in good faith, on July 5, 2018, ▮▮▮ provided LEO with the information LEO requested. (LEO's Letter, Ex. 4). Thus Exhibit 4 to LEO's Letter does not represent an impasse or any unwillingness by ▮▮▮ (let alone Perrigo) to cooperate in discovery, but rather the latest in the parties' ongoing efforts to proceed with the ▮▮▮ deposition.

Indeed, LEO fails to provide any support (there is none) for its accusation that Perrigo or ▮▮▮ have somehow obstructed LEO's efforts to obtain discovery from ▮▮▮. The fact is just the

---

[3] LEO otherwise spends considerable effort addressing whether its speculative understanding of the subject matter of an opinion Mr. Godici may render is proper, and even attempts to impugn Mr. Godici's credibility. (LEO's Letter at 2). Notwithstanding LEO's mischaracterization of the law and the facts regarding experts and inequitable conduct, (Case No. 16-333, D.I. 332, ¶ 9 (inviting Actavis and LEO to reach agreement as to the scope of Mr. Kunin's report, implicitly recognizing that there are proper opinions that he can render)), including other cases in which Mr. Godici may or may not have offered expert testimony, such issues are better suited for *Daubert* motion practice. (*See* Case No. 16-333, D.I. 332, ¶ 8). If anything, this illustrates that the Protective Order is the wrong vehicle for challenging an expert's or consultant's opinions. Indeed, the Court specifically declined to grant LEO's motion to strike, and instead instructed LEO to file a *Daubert* motion at the appropriate time. (Case No. 16-333, D.I. 332, ¶ 8 ("This motion is premature in view of the scheduling order's specific instructions regarding motions of this nature.")).

July 6, 2018
Page 4

opposite. Of particular note, during the July 3 meet and confer ▇ confirmed its willingness to make its witnesses available for deposition in the United States, subject to certain conditions. This deposition location had been LEO's primary point of contention.

The Court should therefore deny LEO's request for a "conditional order quashing all discovery related to ▇, and precluding Perrigo from relying on information allegedly received from ▇ unless LEO is given all discovery of ▇ ordered by the Court." (LEO's Letter at 4). LEO's characterization of the status of the issue is not accurate and, nonetheless, the issue is not ripe for the Court's determination. Perrigo is confident—subject to LEO's good faith cooperation—that the parties and ▇ can arrive at an arrangement to accommodate their needs for the discovery consistent with the Court's Order.

**LEO's Proposed Inequitable Conduct Discovery Schedule Is Unworkable and Ignores Deposition Scheduling**

The Court should not adopt Leo's proposed schedule. The parties have been working toward a joint submission for the Court's consideration. At the outset, LEO acknowledged that the schedule it proposed is "no longer workable" (Ex. 2, June 21, 2018 A. Hansen Email). Its newly proposed schedule injected even additional problems (e.g., by requiring Perrigo to serve inequitable conduct expert reports prior to the LEO and ▇ depositions). Resolution of these scheduling issues requires confirmation of LEO and ▇ witness availability.

In that regard, during the parties' July 3, 2018 meet and confer regarding the court-ordered deposition of LEO Executive ▇, Perrigo offered to try to coordinate the deposition of ▇ in the United States to accommodate LEO's request (despite the Court's order that if LEO wanted the discovery, it would need to take the deposition in ▇). In return, LEO said it would work to make ▇ available for deposition in the United States—consistent with the parties' agreement and practice of making party witnesses located overseas available for deposition in the United States. Based on this understanding, on July 5, 2018 Perrigo proposed a schedule to LEO to accommodate these witnesses' availability. (Ex. 2, July 5, 2018 L. Shannon Email). Subsequent to the parties' call, however, LEO will not confirm whether it will make ▇ ▇ available in the United States. (Ex. 3, July 6, 2018 A. Hansen Email).

Perrigo respectfully submits that LEO's proposed schedule should not be adopted, but instead, the Court should order LEO to present ▇ in the United States for deposition, and the parties should confer on a schedule once the ▇ deposition has been scheduled.

                                                Respectfully,

                                                */s/ Steven J. Fineman*

                                              Steven J. Fineman (#4025)

cc: Counsel of Record (via CM/ECF)

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, a true and correct copy of the foregoing document was served upon the following attorneys of record by electronic mail:

Jack B. Blumenfeld (#1014)  
Maryellen Noreika (#3208)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, DE 19899  
(302) 658-9200  
jblumenfeld@mnat.com  
mnoreika@mnat.com  

George F. Pappas  
Jeffrey Lerner  
COVINGTON &BURLING LLP  
One City Center  
850 Tenth Street NW  
Washington DC 20001-4956  
(202) 662-6000  
gpappas@cov.com  
jlerner@cov.com  

Alexa Hansen  
COVINGTON &BURLING LLP  
1 Front Street, 35th Floor  
San Francisco, CA 94111  
(415-591-6000)  
ahansen@cov.com  

/s/ Nicole K. Pedi  
Nicole K. Pedi (#6236)  
Pedi@rlf.com