# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200

**MARYELLEN NOREIKA**
(302) 351-9278
mnoreika@mnat.com

July 5, 2018 - Original Filing Date
July 12, 2018 - Redacted Filing Date

REDACTED - PUBLIC VERSION

The Honorable Sherry R. Fallon                              *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

        Re:    *LEO Pharma et al. v. Perrigo UK Finco et al.*
               C.A. Nos. 16-430 (JFB) (SRF)

Dear Judge Fallon:

      We write on behalf of Plaintiffs LEO Pharma A/S, LEO Laboratories Limited, and LEO Pharma, Inc. ("LEO") in advance of the July 11, 2018 teleconference regarding: (1) a protective order dispute with Defendants Perrigo UK Finco Limited Partnership and Perrigo Company ("Perrigo"); (2) Perrigo's reliance on ▆▆▆ information to support its counterclaim while ▆▆▆ refuses to provide LEO with the discovery this Court ordered; and (3) LEO's reasonable schedule to complete discovery in the time remaining before the September 12, 2018 Pre-Trial Conference.

## Mr. Godici Is Not Entitled To View LEO's Confidential Information

      LEO objects to Perrigo's request that its purported patent-law expert, Nicholas P. Godici, be granted access to information that LEO designated as confidential under the Protective Order. LEO's confidential information has no bearing on Patent Office practice and procedure, which would be the only topic on which Mr. Godici could potentially opine under the clear practice of this District. Despite repeated requests, Perrigo has refused to identify any purported need for Mr. Godici to review LEO's confidential information. If Perrigo intends to submit a report[1] in which Mr. Godici offers opinions beyond Patent Office practice and procedure, those opinions would be improper— indeed, courts around the country, including in this District, have previously stricken Mr. Godici's opinions. Moreover, Perrigo's inequitable conduct claim does not even implicate any matters that would require explanation of Patent Office practice and procedure.

      LEO requests that the Court apply its order on the same issue in the Actavis case to the Perrigo case. (*See* D.I. 332 ¶¶ 10–11 in C.A. No. 16-333.) LEO asked Perrigo multiple times— before and after the Court's ruling in the Actavis case—to agree that the Court's ruling on the same issue in the Actavis case would control, rather than burdening the Court with a duplicative issue.

---

[1] If Mr. Godici submits an untimely report in the future, LEO respectfully requests that it be granted the same relief provided in the Actavis matter, namely an indefinite stay on LEO's responsive report, and the opportunity to promptly submit a *Daubert* motion. (*See* D.I. 332 ¶¶ 8–9 in C.A. No. 16-333.) LEO makes this request now to avoid the burden and expense of needing to simultaneously draft a responsive report while seeking such relief from the Court.

The Honorable Sherry Fallon
July 5, 2018
Page 2

(Ex. 1, LEO–Perrigo correspondence.) Perrigo refused. LEO therefore asks the Court to provide the same relief in the Perrigo case as it did in the Actavis case.

Perrigo's attempts to distinguish the Court's order in the Actavis case have no merit. Perrigo's first two arguments—(1) that the Court has allowed Perrigo's inequitable conduct counterclaims to proceed, unlike in the Actavis case, and (2) that the Court denied LEO's motion to strike Mr. Kunin's report in the Actavis case without prejudice to LEO filing a *Daubert* motion—are non-sequiturs to whether Mr. Godici should be granted access to LEO's confidential information. Indeed, Perrigo disregards that the Court denied Actavis's purported patent law expert access to LEO's confidential information in the *same opinion* in which this Court denied the motion to strike his report in favor of an early *Daubert* motion.

Perrigo's third argument is the unavailing assertion that Mr. Godici has no proprietary conflict with LEO, which is the same faulty argument Actavis made and the Court found inadequate. It is well-established that LEO may properly limit the distribution of its confidential information to those people who have a legitimate interest in that information. *See Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) (a party seeking disclosure of confidential information has the burden to establish that such disclosure is relevant and necessary to its case) (citing *Coca-Cola Bottling Co.*, 107 F.R.D. 288, 293 (D. Del. 1985)); *Syngenta Crop Protection, LLC v. Willowood, LLC*, No. 16-171, 2016 WL 4925099, at *2 (D. Del. Sept. 14, 2016) (Andrews, J.) (same). Despite repeated requests, Perrigo has refused to provide any reason why Mr. Godici has a legitimate interest in LEO's confidential information. Perrigo has thus failed to meet its burden to show Mr. Godici should gain access to LEO's confidential information.

Nor can Perrigo meet its burden of showing relevance and necessity. Mr. Godici has not offered any opinion in this case. And LEO's confidential information is not relevant to any opinions that he could be allowed to offer. This District's jurisprudence makes clear that expert opinions are not permitted on inequitable conduct, the materiality of information to a pending patent application, legal conclusions, or intent to deceive. *See, e.g.*, *Crawford v. George & Lynch, Inc.*, C.A. No. 10-949, 2013 WL 6504361, at *2 (D. Del. Dec. 9, 2013); *Brigham & Women's Hosp. Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 08-464, 2010 WL 3907490, at *2 (D. Del. Sept. 21, 2010); *Procter & Gamble Co. v. Teva Pharm. USA, Inc.*, C.A. No. 04-940, 2006 WL 2241018, at *1 (D. Del. Aug. 4, 2006). The Judges of this Court "have a well-established practice of excluding the testimony of legal experts, absent extraordinary circumstances," *AstraZeneca UK Ltd. v. Watson Labs., Inc.* (*NV*), C.A. No. 10-915, 2012 WL 6043266, at *1 (D. Del. Nov. 14, 2012), a practice the Federal Circuit has affirmed on "several occasions," *Sundance, Inc. v. DeMonte Fabricating, Ltd.*, 550 F.3d 1356, 1363 (2008). Some Judges within this District have refused categorically to admit the testimony of patent law experts. *See, e.g.*, Hr'g Tr., *CNH Am. LLC v. Kinze Mfg.*, C.A. No. 08-945 (Jan. 3, 2011) (Sleet, J.); *Schering Corp. v. Barr Labs., Inc.*, C.A. No. 07-457, Order at 1 (D. Del. Mar. 4, 2009) (Robinson, J.).

Further, courts around the country, including in this District, have previously excluded Mr. Godici's opinions on alleged inequitable conduct. In *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, a court in this District found that "the majority of the report" of Mr. Godici was "just the sort of testimony that this Court routinely excludes." No. 11-515, 2015 WL 12815314, at *4 (D. Del. Nov. 20, 2015) (Burke, J.). The Court found that Mr. Godici's opinions that were not on "PTO practices and procedures," but instead "sound[ed] like legal opinion" or "speculation as to what may have been in another's mind—evidence that is either unhelpful to the fact-finder or that which the expert is not qualified to give." *Id.* at *5; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-

The Honorable Sherry Fallon
July 5, 2018
Page 3

01846, 2012 WL 2571332, at *3 (N.D. Cal. June 30, 2012) (excluding Mr. Godici's testimony in its entirety); *Degelman Indus. Ltd. v. Pro-Tech Welding & Fabrication, Inc.*, No. 06-CV-6346T, 2011 WL 6752565, at *6 (W.D.N.Y. Dec. 23, 2011) ("[Mr.] Godici . . . may testify with respect to practice and procedure before the PTO, but . . . may not testify on the issue of whether or not the plaintiff engaged in inequitable conduct before the PTO."); *Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*, No. 1:05–CV–64, 2010 WL 3791970, at *3 (D. Utah Sept. 21, 2010).

Finally, Perrigo's request for Mr. Godici to see LEO confidential information is untimely. Perrigo disclosed Mr. Godici nearly two months after the Court granted Perrigo leave to amend, and after *all* expert reports had been served. While the Court extended the schedule for discovery on the issue of inequitable conduct (D.I. 306 at 9), this was to allow time for additional fact and technical expert discovery. At no point did Perrigo seek, or obtain, permission to file a report by a purported patent-law expert. With trial in three months, and Mr. Godici having served no report, any request now would be untimely and highly prejudicial to LEO.

LEO thus requests that the Court deny Mr. Godici access to information LEO designated confidential under the Protective Order.

**Perrigo Should Be Precluded From Relying On ▓▓▓ Discovery**

Since Perrigo sought discovery from ▓▓▓, LEO has been diligently attempting to obtain discovery from ▓▓▓ to get the full story, not just selective disclosures ▓▓▓ has orchestrated with Perrigo. Indeed, as this Court ordered, discovery into ▓▓▓ is to be a two-way street for both Perrigo and ▓▓▓. (4/6/18 Hr'g Tr., 24:18–19.) ▓▓▓ continues to refuse to provide the discovery LEO requested, and that the Court ordered. (*See* Ex. 2, correspondence with G. Snyder.) ▓▓▓ contends that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*e.g.*, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *see* D.I. 274), as a third party it can selectively provide the information it wants and cannot be forced to provide more.[2] Thus, although the Court ordered that LEO be provided Rule 30(b)(6) deposition testimony from ▓▓▓ on the topics LEO noticed, (D.I. 306 at ¶ 5), ▓▓▓ will not agree to provide a prepared corporate designee on those topics under Rule 30(b)(6). (Ex. 4, July 5 email from G. Snyder.)

It would be fundamentally unfair, and contrary to the Court's order, to allow Perrigo to rely on information allegedly provided by ▓▓▓ while ▓▓▓ refuses discovery that may undermine its positions. This is a classic sword/shield situation: Perrigo is attempting to use purported information from ▓▓▓ as a sword to assert an inequitable conduct claim against LEO while at the same time using the third-party status of ▓▓▓ as a shield to avoid subjecting ▓▓▓ to discovery to test its assertions (which completely lack merit). ▓▓▓ proposal to put up a witness to testify only on the topics of its and Perrigo's choosing is improper and analogous to a party selectively disclosing the

---

[2]   Counsel for LEO, Perrigo and ▓▓▓ met and conferred on July 3. Contrary to previous correspondence (*see* Ex. 2, correspondence with G. Snyder), ▓▓▓ recently suggested that it may be willing to provide a witness as to some requested discovery, but would not commit to submit to the Court's jurisdiction that its witness would be prepared pursuant to Rule 30(b)(6). Indeed, correspondence received July 5, suggests that they refuse to provide a witness as to core topics, such as ▓▓▓ relationship with Perrigo. (*See* Ex. 4; Ex. 5, LEO's subpoena to ▓▓▓.)

The Honorable Sherry Fallon
July 5, 2018
Page 4

privileged information it thinks may help its case while shielding from discovery other information that may be to the contrary.[3]

Well established doctrines dictate that Perrigo and ▌ cannot obstruct LEO's access to evidence or present a one-sided view on claims that Perrigo seeks to advance. As Judge Hand has explained in the context of privilege: "[T]he privilege is to suppress the truth, but that does not mean that it is a privilege to garble it; … it should not furnish one side with what may be false evidence and deprive the other of the means of detecting the imposition." *U.S. v. St. Pierre*, 132 F.2d 837, 840 (2d Cir. 1942), *cert. granted*, 318 U.S. 751 (1943). Likewise, courts routinely apply an "opening the door" principle to prevent one party from presenting a misleading view of evidence. These doctrines are analogous to what Perrigo and ▌ are doing here: providing Perrigo information it seeks to tell a part of a story, while relying on ▌ third party status to deprive LEO and the Court of the additional information necessary to test ▌ assertions and understand the full story, including facts to show ▌ bias. Unless *both* parties can get full discovery from ▌ relating to the claims raised by Perrigo, neither party should be able to rely on information from ▌ relating to those claims. Otherwise, what Perrigo and ▌ have orchestrated amounts to collusion by two entities ▌

This impasse is of Perrigo's own creation. Perrigo has known for months that it would need to provide discovery related to the counterclaims it brought into this litigation. *Morangelli v. Chemed Corp.*, No. 10-00876, 2011 WL 7475, at *1 (E.D.N.Y. Jan. 1, 2011) ("When an individual voluntarily chooses to participate in lawsuit, he takes on the obligation to provide discovery about his claim."). Perrigo has not objected to either of the Court's April or June orders regarding LEO's right to fulsome discovery about ▌. Indeed, in the nearly three months since the Court first ordered that LEO was entitled to a deposition of ▌, Perrigo has done nothing to facilitate a deposition of ▌. (*See also* D.I. 278, at 2 fn. 1.) In light of these developments, LEO is compelled to ask the Court for a conditional order quashing all discovery related to ▌, and precluding Perrigo from relying on information allegedly received from ▌ unless LEO is given all discovery of ▌ ordered by the Court (including a properly prepared witness as to all information reasonably available to ▌).

**Perrigo Refuses To Engage With LEO To Schedule This Remaining Discovery**

Pursuant to the Court's June 18 order, LEO proposed a schedule to Perrigo on June 21 to address any remaining discovery concerning Perrigo's counterclaim. By necessity, the schedule must be extremely compressed, given the September 12th Pre-Trial Conference. (*See* Ex. 3, LEO–Perrigo correspondence.) Yet, to date, Perrigo has failed to provide any substantive response to LEO's proposed schedule, except to say that it is "unworkable," and that fact depositions must pre-date any provision of expert reports. (*See id.* at T. Gemmell's July 2nd email.) There are only two months left in which to complete all of the discovery that the Court has ordered, in addition to the ongoing expert discovery and preparing for trial in early October. LEO respectfully requests that this Court enter LEO's proposed schedule. (*See id.* at A. Hansen's June 21 email.)

---

[3] Given the timing of Perrigo's allegations, its prior commitment to secure cooperation from ▌, and ▌ refusal to accept service of a subpoena, LEO does not have time in the three months remaining before trial to seek discovery through ▌ means.

The Honorable Sherry Fallon
July 5, 2018
Page 5

                                              Respectfully,

                                              */s/ Maryellen Noreika*

                                              Maryellen Noreika (#3208)

MN/dlw
Enclosures
cc:     Perrigo's Counsel of Record (Via Electronic Mail; w/ encl.)