**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LEO PHARMA A/S, LEO LABORATORIES LIMITED, and LEO PHARMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> PERRIGO UK FINCO LIMITED PARTNERSHIP and PERRIGO COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 16-430 (JFB) (SRF) <br><br> **PUBLIC VERSION** |

**PERRIGO'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO
FILE A MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE
<u>CONDUCT AND NO DERIVATION</u>**

Of Counsel:
POLSINELLI PC
Gary E. Hood
Thomas L. Gemmell
Luke Shannon
150 North Riverside, Suite 3000
Chicago, Illinois 60606
(312) 819-1900
ghood@polsinelli.com
tgemmell@polsinelli.com
lshannon@polsinelli.com

RICHARDS, LAYTON &FINGER, P.A.
Steven J. Fineman (#4025)
Nicole K. Pedi (#6236)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com
pedi@rlf.com

*Attorneys for Perrigo UK Finco Limited
Partnership and Perrigo Company*

Dated: August 31, 2018

I. INTRODUCTION

On August 17, 2018, only weeks before trial, Plaintiffs LEO Pharma A/S, LEO Laboratories Limited, and LEO Pharma, Inc. ("Leo") filed a motion for leave to file a motion for summary judgment of no inequitable conduct and no derivation. Leo asks permission to seek summary judgment, despite the fact that this Court scheduled a bench trial to determine disputed issues including those that are the subject of the proposed motion. The Court should deny the motion and allow the parties, and Court, to focus limited time and attention to prepare and try the case.

Notably, beyond the inefficiencies, summary judgment is inappropriate because there are disputed issues of fact. Importantly, Perrigo has timely asserted its counterclaims and defenses. There is a substantial dispute regarding the facts, meaning this motion is not appropriate. And, such a filing this close to trial is untimely and a burden on the Court and the parties.

Leo wants to avoid having this Court hear and consider evidence that Defendants Perrigo UK FINCO Limited Partnership and Perrigo Company ("Perrigo") intend to present at trial on Leo's inequitable conduct and 102(f) derivation defenses. Leo took ▮▮▮▮▮▮▮▮ received ▮▮▮▮▮▮▮▮▮▮▮▮ and wrongly filed patent applications that Leo now asserts against Perrigo. The discomfort that Leo no doubt feels regarding this Court hearing this evidence at trial is not legitimate grounds for avoiding trial on these issues. Instead this is an eleventh hour attempt at summary judgment to avoid the issues. The motion should be denied.

II. ARGUMENT

    A. **Leo's Motion Is Untimely and Will Waste Valuable Resources of the Court and Parties Given that the Bench Trial Is Imminent.**

Leo's motion is untimely. Leo waited until the last minute to ask permission to seek summary judgment in a case that is scheduled to be tried – to the Court - in less than six weeks.

1

The parties are in the middle of preparing for trial. Given that it will be the Court, and not a jury, called on to determine all issues, including those of the summary judgment motion, it makes no sense for this to proceed by way of summary judgment. Indeed, after presenting the case and evidence, the parties will fully brief the summary judgment issues in their post-trial briefing submissions. The Court can then determine, in an orderly manner and based on a complete record, Leo's inequitable conduct and invention derivation.

Leo's current request fails to explain why it did not diligently pursue summary judgment. Leo had all the evidence regarding these issues at least by July 26, 2018, when the parties had completed fact discovery on Perrigo's inequitable conduct counterclaim and 102(f) defense. If Leo contended that these were issues amenable to summary judgment, it could and should have immediately sought leave, but for no stated reason decided to wait three weeks. Any attempt by Leo to tether the delay to Perrigo's expert Nicholas Godici's report lacks credibility. Godici's report introduced no additional facts or evidence, but merely comments on and underscores the duties that Leo personnel had to properly and truthfully disclose information to the United States Patent Office. Separately, Leo has challenged Mr. Godici by motion, essentially arguing that his opinions are not needed to help the Court resolve the relevant issues. (D.I. 347 and 348).

Further, on July 31, 2018, Leo requested that Perrigo dismiss with prejudice the inequitable conduct counterclaim and 102(f) defense. Leo asserted the claims were meritless and threatened to file a motion to strike and/or summary judgment as well as seeking fees and expenses. Perrigo promptly responded to Leo's demand and maintained that it would continue to pursue the inequitable conduct counterclaim and 102(f) defense. Leo then waited three weeks, until August 17, 2018, to pursue the instant motion.

Leo has waited too long. It had no legitimate reason to delay. A bench trial on all issues begins in less than six weeks, and Leo's motion stands to interject wasted time and effort. The motion is untimely and should be denied.

### B. Material Issues of Fact Exist – Making Summary Judgement Inappropriate.

Beyond the procedural infirmities presented by Leo's late request, the issues at hand - Perrigo's inequitable conduct counterclaim and 102(f) derivation defenses – present a classic situation where the parties dispute the facts material to the defenses. Based on those facts, the parties will present competing experts who will testify as to those contested facts. When facts are contested, summary judgment is not appropriate.

Not surprisingly, the parties dispute the material facts relating to these defenses. As but one example, Perrigo will present evidence at trial that ███████████████████████████████████████████████████████████████████████████████████████████████████████

Leo's apparent position, despite this evidence, is that there is no evidence that any of the inventors of the process patents received the subject information, or that anyone at Leo opened or read the attachment. Leo asserts that "Perrigo claimed that its ███████████████████ had emailed an unsolicited and confidential document to two non-inventor employees of Leo that Perrigo alleges provided prior conception of the Process Patent inventions, and despite having no allegations that the Process Patents inventors became aware of this confidential document, that somehow, the oaths of inventorship submitted for the Process Patents were false." (D.I. 352 at p. 2).

As is apparent from Leo's stated position, a factual dispute exists on an issue material to Perrigo's counterclaims and defenses. Leo characterizes the evidence one way; Perrigo will present evidence and facts contrary to Leo's characterization. Further to the dispute, Leo

3

recently added yet another technical expert report, which Leo claims responds to these issues. While Perrigo opposed Leo's late attempt to bolster the record on these important defenses, the fact remains that there is much disputed between Leo and Perrigo as to Perrigo's inequitable conduct counterclaim and 102(f) defense.

Based on this and similar evidence, the Court will need to resolve these factual disputes. On this ground, the Court should deny Leo's motion for leave — summary judgment is simply not appropriate.

      **C.**    **Leo Inaccurately Describes the Record On Perrigo's Inequitable Conduct and 102(f) Derivation Defenses, Both of Which Are Based on Substantial Evidence.**

Contrary to Leo's claim, there is substantial evidence underlying Perrigo's inequitable conduct counterclaim and 102(f) defense. Leo's own evidence establishes the point of improper activity by its personnel. Such evidence further supports the notion that the facts are not appropriate for summary judgment – in fact, it undermines Leo's request. Additionally, this Court already found the claims sufficient to survive Leo's opposition to their addition to the case. (D.I. 244 and 245). Leo argues that Perrigo's "counterclaims asserting inequitable conduct and derivation make serious, and entirely unfounded, charges of misconduct that should not be maintained given the complete lack of evidence to support Perrigo's allegations." (D.I. 352 at p. 1). Substantial evidence has been gathered that supports the serious counterclaim and defense with Perrigo disagreeing that its claims are in any way unfounded. Perrigo's inequitable conduct counterclaim and 102(f) defenses are serious – after all, Leo took ████████████ that it did not invent or develop, and nevertheless submitted it to the United States Patent Office as its own in a patent application. Furthermore, these actions have serious consequences – serious enough to render the claims of U.S. Patent Nos. 9,416,084 and 9,676,698 ("the process patents")

4

unenforceable and invalid. The disagreement about the characterization of these facts means these issues are not appropriately resolved by summary judgment at this time.

By way of example only, the evidence of inequitable conduct and derivation here is extensive and includes, among other things:

- Documents and testimony that demonstrates the distribution of a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇;

- Documents and testimony that that third party's information includes the subject matter claimed by Leo as its own in Leo's process patents that it asserts against Perrigo here; and

- Documents and testimony that, despite obtaining the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ at issue from this third party, Leo nevertheless submitted oaths of inventorship for the process patents claiming inventorship of the subject matter to the United States Patent and Trademark Office.

Leo disputes this evidence, but that does not mean the evidence is lacking. Instead, it demonstrates that summary judgment is not proper.

Leo, no doubt, wants to avoid having to address this evidence directly before this Court at trial. While the parties may view the evidence differently, Leo's claim that Perrigo's defenses are "entirely unfounded" and are based on a "complete lack of evidence," is simply misplaced. Leo's motion suggests that the Court decide these important issues solely as Leo views the evidence, while disregarding Perrigo's evidence. The record contains substantial evidence that must be heard and that is not proper for summary judgment.

### D. Leo's Suggestion that Perrigo's Inequitable Conduct and Derivation Defenses are a Settlement Ploy Is Meritless.

Leo argues that Perrigo "sought to add these counterclaims late in the case in a transparent attempt to leverage a settlement." (D.I. 352 at p. 1). The statement is misguided. Perrigo added these counterclaims as soon as it became aware of the evidence. On September 20, 2017, Leo filed its First Amended Complaint to allege infringement of the process patents. (D.I. 46, D.I. 98-99). Perrigo answered the Amended Complaint on October 4, 2017. (D.I. 108). Leo initiated third party discovery related to the alleged infringement of the process patents. ▮

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

On December 22, 2017, after careful investigation and confirmation of Leo's fraudulent behavior, Perrigo prepared draft counterclaims for purposes of a Rule 9(b) pleading. At that time, Perrigo notified Leo of its intent to raise an inequitable conduct defense. As such, over eight months ago, Perrigo provided Leo with its draft amended answer and counterclaims that set forth the defenses that are subject of Leo' instant motion. Eight months ago, the parties met and conferred on this issue on January 4, 2018.

Leo refused to agree to Perrigo's amendment. Consequently, on January 12, 2018, Perrigo timely filed its motion for leave to file an amended answer, affirmative defenses, and counterclaims. (D.I. 178 and 179). On April 2, 2018, the Court granted Perrigo's motion for leave. (D.I. 244 and 245). To suggest that Perrigo brought and maintains this counterclaim and defense ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

The record reflects that Perrigo diligently pursued these claims and intends to present them at trial for the purpose of holding Leo accountable for its improper conduct. Perrigo did not delay in asserting its counterclaim and defense, brought its motion for leave to amend in

good faith, and has consistently pursued this counterclaim and defense. The Court should refuse to countenance Leo's baseless claim.

> **E.    That Additional Issues Will Be Addressed At Trial Does Not Provide Sufficient Reason to Allow Summary Judgment Motion Briefing Only Weeks Before Trial.**

Leo argues that Perrigo's "inequitable conduct and derivation counterclaims will significantly increase the length and complexity of trial." (D.I. 352 at p. 1). It goes on that "dismissing Perrigo's baseless counterclaims prior to trial would avoid needless expenditures of trial time and resources: these counterclaims would require numerous additional witnesses, addressing a wide range of distinct, contested issues, as well as the need to resolve motions and disputes unique to these counterclaims." (D.I. 352 at pp. 3-4). Beyond the hyperbolic aspect of these claims – again, Perrigo's claims are based on substantial evidence - Leo does not meaningfully explain what it means by "numerous additional witnesses," "a wide range of distinct, contested issues," or "the need to resolve motions and disputes unique to these counterclaims." Leo fails to expand on these claims. First, any need to resolve motions and disputes unique to these counterclaims is one of Leo's own making. Leo challenged these counterclaims and defenses from the beginning. Leo failed to particularize its claim that "numerous additional witnesses" would be required. At most, only two additional witnesses are required at trial; the parties' expert witnesses on PTO practice and procedure (if the Court allows such witnesses). The parties' technical experts, Dr. Micalizio and Dr. Winkler, will testify at trial regardless of whether the counterclaim and defense proceeds to trial. Finally, Leo agrees that the counterclaim and defense involve "contested issues," which should be addressed by the Court at trial. (*See* D.I. 352 at pp. 3-4).

In making this unsupported claim, Leo ignores the obvious. This case will be tried to the Court, not a jury. Leo argues that the parties should be forced to spend time and resources now

briefing a summary judgment motion, while preparing for trial on all issues, including inequitable conduct and derivation. Nowhere does Leo provide any rationale for why adding summary judgment briefing that will be decided by this Court – only weeks before trial – is in any way a more efficient or economical way to address these issues than at trial.

With less than six weeks until trial starts, the efficient approach is for the Court to address all contested issues at trial, including Leo's inequitable conduct and derivation, and resolve these disputes based on a complete evidentiary record.

## III.  CONCLUSION

For the foregoing reasons, Perrigo respectfully requests the Court deny Leo's motion for leave to file a motion for summary judgment of no inequitable conduct and no derivation.

| | |
|---|---|
| Of Counsel: | */s/ Steven J. Fineman* |
| | Steven J. Fineman (#4025) |
| POLSINELLI PC | Nicole K. Pedi (#6236) |
| Gary E. Hood | RICHARDS, LAYTON & FINGER, P.A. |
| Thomas L. Gemmell | 920 North King Street |
| Luke T. Shannon | Wilmington, DE 19801 |
| 161 North Clark Street, Suite 4200 | (302) 651-7700 |
| Chicago, Illinois 60601 | fineman@rlf.com |
| (312) 819-1900 | pedi@rlf.com |
| ghood@polsinelli.com | |
| tgemmell@polsinelli.com | *Attorneys for Perrigo UK Finco Limited* |
| lshannon@polsinelli.com | *Partnership and Perrigo Company* |

Dated: August 31, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2018, a true and correct copy of the foregoing document was served upon the following attorneys of record by electronic mail:

Jack B. Blumenfeld (#1014)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
araucci@mnat.com

George F. Pappas
Jeffrey Lerner
COVINGTON &BURLING LLP
One City Center
850 Tenth Street NW
Washington DC 20001-4956
(202) 662-6000
gpappas@cov.com
jlerner@cov.com

Alexa Hansen
COVINGTON &BURLING LLP
1 Front Street, 35th Floor
San Francisco, CA 94111
(415-591-6000)
ahansen@cov.com

*/s/ Nicole K. Pedi*
Nicole K. Pedi (#6236)
Pedi@rlf.com